# EXHIBIT A

**James Logan, Jr. Esq., L.L.C.**
*By:* James Logan, Jr., Esquire
219 High Street, P.O. Box 429
Mount Holly, New Jersey 08060
(609) 267-3650
Attorneys for Plaintiffs
JLJR/ds

RECEIVED
SHERIFF'S DEPT.

09 SEP 14 PM 2: 26

BURLINGTON COUNTY
MT. HOLLY N.J.

| | |
|---|---|
| ROBERT E. WILLITTS, <br><br> **Plaintiff,** <br><br> vs. <br><br> BURLINGTON TOWNSHIP, a Municipal Corporation, BURLINGTON TOWNSHIP POLICE DEPARTMENT, PTL. MARK S. CORANDAN #88, PTL. ADAM WORRELL #83, WAL-MART STORES, INC., a Legal Entity, and WAL-MART STORES, INC.'S, Security Officers, ROBERT LOWRIE and MATTHEW WYATT, and John Does (1-10). <br><br> **Defendants.** | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> BURLINGTON COUNTY <br> DOCKET NO. **BUR-L-002924-09** <br><br> *Civil Action* <br><br><br> **SUMMONS** |

### THE STATE OF NEW JERSEY, TO:
### BURLINGTON TOWNSHIP POLICE DEPARTMENT

**YOU ARE HEREBY SUMMONED** in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorneys for the plaintiff(s), whose name and office address appears above, an **ANSWER to the annexed COMPLAINT within 35 days after the service of the Summons and Complaint upon you, exclusive of the day of service.** If you fail to answer, Judgment may be entered against you for the relief demanded in the Complaint. You shall promptly file your Answer ($135.00 **FILING FEE**) and **Proof of Service** thereof with the Clerk of the Superior Court at the Burlington County Courts Facility, 49 Rancocas Road, Mount Holly, New Jersey (08060), in accordance with the Rules of Civil Practice and Procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. If you are not eligible for free legal assistance, call a Lawyer Referral Service. A list of those offices is attached hereto.

*Si usted no tiene abogado, puede llamar a por la Asociacion de abogados del Condado. Si usted no puede pagar un abogado, usted puede llamar a Servicios Legales.*

Dated: 09/10/2009                                /s/ *Donald F. Phelan*
                        Donald F. Phelan, Clerk of the Court

Name of Defendant To Be Served: **BURLINGTON TOWNSHIP POLICE DEPARTMENT**
Address for Service:   **Municipal Bldg., 851 Old York Road, Burlington, NJ (08016)**

**ATLANTIC COUNTY:**
Lori Mooney, Clerk
Civil Division, Direct Filing
1201 Bacharach Blvd. First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Kathleen A. Donovan, Clerk
119 Justice Center, 10 Main Street
Hackensack, NJ 07601-7698
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Edward A. Kelly, Jr., Clerk
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Michael S. Keating, Clerk
First Floor, Hall of Records
501 Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Angela F. Pulvino, Clerk
Law Division Filings)
Box DN-209
Cape May Court House, NJ 08210
-or-
(General Equity Filings)
Box DN-209A
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
John G. Nardelli, Clerk
Court House, Direct Filing
Broad & Fayette Streets
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 452-5291
LEGAL SERVICES
(856) 451-0003/935-8024

**ESSEX COUNTY:**
Patricia Drake, Clerk
236 Hall of Records
465 Dr. Martin Luther King Blvd
Newark, NJ 07102
LAWYER REFERRAL
(973) 533-1779
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Joseph H. Hoffman, Clerk
First Fl., Court House
1 N. Broad St., PO Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Frank E. Rodgers, Clerk
Superior Court, Civil Records
Brennan Court House
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Dorothy K. Tirpok Clerk
Hall of Records, 71 Main Street
Flemington, NJ 08822
LAWYER REFERRAL
(856) 788-6112
LEGAL SERVICES
(856) 782-7979

**MERCER COUNTY:**
Albert E. Driver, Jr., Clerk
P.O. Box 8068, 209 S. Broad Street
Trenton, NJ 08650
LAWYER REFERRAL
(609) 890-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Herbert P. Lashomb, Clerk
Court House, East Wing, Lobby Floor
1 Kennedy Sq., PO Box 2633
New Brunswick, NJ 08903
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Jane Clayton, Clerk
PO Box 1262, Court House, East Wing
Freehold, NJ 07728
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 747-7400

**MORRIS COUNTY:**
Alfonse W. Scerbo, Clerk
CN-900, 30 Schuyler Place
Morristown, NJ 07960
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
M. Dean Haines, Clerk
119 Court House, CN-2191
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
William L. Kattak, Clerk
Court House, 77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
John W. Cawman, Clerk
92 Market St., PO Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
R. Peter Widin, Clker
Civil / General Equity
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Helen C. Ackerman, Clerk
Superior Court, Law Div.
49 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Walter G. Halpin, Clerk
1st Fl., Court House
Elizabeth, NJ 07207
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Terrance D. Lee, Clerk
Court House
Belvidere, NJ 07823
LAWYER SERVICE
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Path: C:\Corel\Win95WP8 Docs\WILLITTS,REX\BurlTwp&BTPD&WalMart&Corandan\CIS\Revised090109JLB090209.wpd

# CIVIL CASE INFORMATION SHEET

Use For Initial Law Division-Civil Part Pleadings (Not Motions) under Rule 4:5-1

| | |
|---|---|
| **ATTORNEY NAME/ Pro Se Name** James Logan, Jr., Esquire | **TELEPHONE NUMBER** (609) 267-3650 |
| **FIRM NAME** James Logan, Jr., Esq., L.L.C. | **COUNTY OF VENUE** Burlington |
| **OFFICE ADDRESS** 219 High Street Post Office Box 429 Mount Holly, New Jersey 08060 | **DOCKET NUMBER** BUR-L-00 2924-09 |
| | **DOCUMENT TYPE** Complaint |
| | **JURY DEMAND?** (x) Yes ( ) No |

**NAME OF PARTY** (e.g., John Doe, Plaintiff)
ROBERT E. WILLITTS, Plaintiff

**CAPTION**
ROBERT E. WILLITTS v. BURLINGTON TOWNSHIP, a Municipal Corporation, BURLINGTON TOWNSHIP POLICE DEPARTMENT, PTL. MARK S. CORANDAN #88, PTL. ADAM WORRELL #83, WAL-MART STORES, INC., a Legal Entity, and WAL-MART STORES, INC.'S, Security Officers, ROBERT LAWRIE and MATTHEW WYATT, and John Does (1-10),

**CASE TYPE NUMBER** (See Reverse Side For Listing)   099 (False Arrest)

**IS THIS A PROFESSIONAL MEDICAL MALPRACTICE CASE?** ( ) YES  (X) NO
If You Have Checked "Yes", See N.J.S.A. 2A:53A-27 And Applicable Case Law Regarding Your Obligation To File An Affidavit Of Merit.

**RELATED CASES PENDING?** ( ) YES (X) NO

**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)? ( ) YES (X) NO

**NAME OF DEFENDANTS PRIMARY INSURANCE COMPANY, IF KNOWN**
( ) NONE
(X) UNKNOWN

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?
( ) YES (X) NO

IF YES, IS THAT RELATIONSHIP   Employer-Employee ( )   Friend/Neighbor ( )
Other [explain] ( )   Familial ( )   Business ( )

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?
( ) YES ( ) NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:
NONE KNOWN

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   YES ( ) NO (X)   IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ( ) YES (X) NO   IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

**ATTORNEY SIGNATURE:** [signature]
**Date:** 09.04.2009

## SIDE 2     CIVIL CASE INFORMATION SHEET (CIS)
Use For Initial Pleadings (Not Motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track 1 - 150 days' discovery
- 151    NAME CHANGE
- 175    FORFEITURE
- 302    TENANCY
- 399    REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502    BOOK ACCOUNT
- 505    OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506    PIP COVERAGE
- 510    UM OR UIM CLAIM
- 511    ACTION ON NEGOTIABLE INSTRUMENT
- 512    LEMON LAW
- 801    SUMMARY ACTION
- 802    OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999    OTHER (Briefly describe nature of action)    (FALSE ARREST)

### Track II - 300 days' discovery
- 305    CONSTRUCTION
- 509    EMPLOYMENT (Other than CEPA or LAD)
- 599    CONTRACT/COMMERCIAL TRANSACTION
- 603    AUTO NEGLIGENCE - PERSONAL INJURY
- 605    PERSONAL INJURY
- 610    AUTO NEGLIGENCE - PROPERTY DAMAGE
- 699    TORT - OTHER

### Track III - 450 days' discovery
- 005    CIVIL RIGHTS
- 301    CONDEMNATION
- 602    ASSAULT AND BATTERY
- 604    MEDICAL MALPRACTICE
- 606    PRODUCT LIABILITY
- 607    PROFESSIONAL MALPRACTICE
- 608    TOXIC TORT
- 609    DEFAMATION
- 616    WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617    INVERSE CONDEMNATION
- 618    LAW AGAINST DISCRIMINATION (LAD) CASES
- 620    FALSE CLAIMS ACT

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156    ENVIRONMENTAL / ENVIRONMENTAL COVERAGE LITIGATION
- 303    MT. LAUREL
- 508    COMPLEX COMMERCIAL
- 513    COMPLEX CONSTRUCTION
- 514    INSURANCE FRAUD
- 701    ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 280    Zelnom
- 285    Stryker Trident Hip Implants

### Mass Tort (Track IV)
- 248    CEBA GEIGY
- 266    HORMONE REPLACEMENT THERAPY (HRT)
- 271    ACCUTANE
- 272    BEXTRA/CELEBREX
- 274    RISPERDAL/SEROQUEL/ZYPRESA
- 275    ORTHO EVRA
- 277    MAHWAH TOXIC DUMP SITE
- 278    ZOMETA/AREDIA
- 279    GADOLINIUM
- 281    BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282    FOSAMAX
- 283    DIGITEK
- 284    NUVARING
- 286    LEVAQUIN
- 601    ASBESTOS
- 619    VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category: ( ) Verbal Threshold ( ) Putative Class Action ( ) Title 59

James Logan, Jr., Esq., L.L.C.
By: **James Logan, Jr, Esquire**
219 High Street, Post Office Box 429
Mount Holly, New Jersey 08060
(609) 267-3650  Fax: (609) 265-9009
Attorneys for Plaintiff
JLR/dls

FILED WITH THE COURT
SHERIFF'S DEPT.
SEP - 8 2009
09 SEP 14 PM 2: 26
BURLINGTON COUNTY
MT. HOLLY N.J.

DEPUTY CLERK
SUPERIOR COURT
BURLINGTON COUNTY
2009 SEP -8 A 10: 13

| | |
|---|---|
| ROBERT E. WILLITTS, | SUPERIOR COURT OF NEW JERSEY |
| **Plaintiff**, | LAW DIVISION |
| | BURLINGTON COUNTY |
| vs | DOCKET NO. BUR-L-2924-09 |
| | Civil Action |
| BURLINGTON TOWNSHIP, a Municipal Corporation, BURLINGTON TOWNSHIP POLICE DEPARTMENT, PTRL. MARK S. CORANDAN #88, PTRL. ADAM WORRELL #83, WAL-MART STORES, INC., a Legal Entity, and WAL-MART STORES, INC.'S, Security Officers, ROBERT LAWRIE and MATTHEW WYATT, and John Does(1-10),: | **COMPLAINT** |
| **Defendant(s).** | |

Plaintiff, ROBERT E. WILLITTS, residing at 790 Lincoln Avenue, Burlington Township, County of Burlington, New Jersey complaining of Defendant(s) says:

## COUNT ONE

1. At all times mentioned herein, Defendants, Ptl. Marc S. Coranda and Ptl. Adam Worrell, were Police Officers of Burlington Township (the "Township") and members of the defendant, Burlington Township Police Department (the "Department"), which was operated and managed by the Township of Burlington, a municipal corporation. The two defendant officers were acting individually and as agents of the defendant, Burlington Township Police Department on behalf of the defendant, Township of Burlington, a municipal corporation.

2. Notice of intention to file a claim against Defendants, Burlington Township and the Burlington Township Police Department was duly mailed to same by Plaintiff's attorney on June 23, 2008, in accordance with law.

1

3. On or about April 22, 2008, at approximately 14:20 hours, Plaintiff was an invitee and prospective customer at the Defendant, Wal-Mart Stores, Inc.'s retail store premises located at 2106 Mt. Holly Road, Burlington Township, New Jersey.

4. At the same date, time and place, while Plaintiff was a patron on the premises as a shopper, pedestrian, invitee, he was detained and/or falsely arrested by Wal-Mart Stores, Inc.'s Security Guards, Defendants, Robert Lawrie and Matthew Wyatt, Patrol Officers, Mark S. Corandan #88 and Adam Worrell #83. At which time, Plaintiff was handcuffed, put in a police car and processed by having his fingerprints taken and photographed, notwithstanding the fact that Plaintiff claimed that he had done nothing wrong and was not involved in any shoplifting or any other criminal conduct. Notwithstanding the aforesaid, Defendant Police Officers, much to Plaintiff's embarrassment, physical and mental distress, transferred the Plaintiff in the police car while handcuffed, depriving him of his liberty and after being held by the Police for a period of time, was eventually released. The Defendant Officers' conduct in arresting Plaintiff, transferring and holding him in handcuffs and processing Plaintiff at the Police Station, , caused Plaintiff to suffer personal injury, and mental anguish and is continuing to suffer same as a result of the restraint, embarrassment, harassment and cruel and illegal treatment by Defendant, Police Officers.

5. Plaintiff was, subsequently, required to retain the services of an attorney to appear in the Burlington Township Municipal Court, where the charges against him were dismissed and subsequently, his arrest record was expunged. By reason of the aforesaid false arrest and illegal detention, Plaintiff is entitled to attorney fees and costs and is seeking punitive damages from Defendants.

**WHEREFORE**, Plaintiff demands judgment on this Count against Defendants, Ptrl. Mark S. Corandan #88, Adam Worrell #83, the Burlington Township Police Department and the Township of Burlington, for compensatory damages in the amount of $500,000.00, plus interest, punitive damages, attorney's fees, costs of suit and any such other relief as the Court deems just.

## COUNT TWO

1. On or about April 22, 2008, Plaintiff was an invitee and prospective customer at the Defendant, Wal-Mart Stores, Inc.'s retail store premises, located at 2106, Mt. Holly Road, Burlington Township, New Jersey.

II

2. On the above date, Plaintiff was a patron on the premises as a shopper, pedestrian, invitee. Plaintiff was detained by default by Wal-Mart Stores, Inc.'s Security Guards, defendants, Robert Lawrie and Matthew Wyatt and subsequently, was taken to the Burlington Township Police Station, arrested and held for approximately 4-5 hours. Plaintiff was falsely charged by defendant and their agent, servant and employee of defendant, Wal-Mart Stores, Inc., with a criminal offense and charging him with conspiracy to commit a criminal offense, in violation of N.J.S.A. 2C:5-2A(1) and 2C:20-11b(1).

3. Plaintiff was, subsequently, required to retain the services of an attorney and appear in the Burlington Township Municipal Court, where the charges against him were dismissed and subsequently, his arrest record was expunged. By reason of the aforesaid false arrest and illegal detention, Plaintiff is entitled to attorney fees and costs and is seeking punitive damages from Defendants.

4. As a result of Defendants' unlawful arrest, detention and criminal charges, Plaintiff suffered personal injury, mental anguish and malicious prosecution and is continuing to suffer same by reason of restraint, embarrassment and harassment through the illegal treatment by the Defendant and Defendant's representatives.

5. Further, in addition and by reason of the aforesaid, Plaintiff is entitled to and is seeking punitive damages from Defendant, Wal-Mart Stores, Inc. and its servant, agent and employee.

**WHEREFORE**, Plaintiff, Robert E. Willitts, demands Judgment against Defendant, Wal-Mart Stores, Inc., for compensatory damages in the amount of $500,000.00 plus interest, punitive damages, attorney's fees, costs of suit and any such other relief as the Court deems just.

### COUNT THREE

1. Plaintiff repeats each and every allegation as set forth above as if the same were set forth at length herein.

2. Defendant, Wal-Mart Stores, Inc.'s representatives, Security Officers, defendants Robert Lawrie and Matthew Wyatt, accosted Plaintiff, falsely accused Plaintiff, had Plaintiff

III

arrested, signed criminal complaints against Plaintiff in public and in the presence of other persons, when, in fact, Plaintiff had not committed any offense or offenses. Defendant's representatives, deprived Plaintiff of his liberty and his rights without process or probable cause, which constituted a violation of his civil rights in violation of 42 U.S.C.S. 1983.

3. Defendant's representatives by having Plaintiff handcuffed with his hands behind his back and threatening bodily harm in the presence of others, deprived Plaintiff of his liberty and rights in violation of 42 U.S.C.S. 1983.

4. The Defendant, Wal-Mart Stores, Inc.'s Security Officers, defendants Robert Lawrie and Matthew Wyatt, by way of detaining and arresting Plaintiff and having the Burlington Township Police do the same without probable cause, violated Plaintiff's civil rights under 42 U.S.C.S. 1983 and also, subjected Plaintiff to a deprivation of Plaintiff's constitutional rights pursuant to the United States Constitution and the Constitution of the State of New Jersey.

5. The Defendant's representatives, Security Officers, Robert Lawrie and Matthew Wyatt, had the Burlington Township Police act in their official capacity of police officers, by arresting Plaintiff based upon representations made by Defendant's security officers or officer, causing Plaintiff to be deprived of his freedom and civil liberties, all of which rights are protected by the United States Constitution and the Constitution of the State of New Jersey. The actions by Defendant's representatives on behalf of Defendant, Wal-Mart Stores, Inc., were in violation of 42 U.S.C.S. 1983.

6. By reason of the aforesaid, Plaintiff is entitled to and is seeking punitive damages on this Count.

**WHEREFORE**, Plaintiff, Robert E. Willitts, demands Judgment against Defendant, Wal-Mart Stores, Inc.'s, Security Officers, Robert Lawrie and Matthew Wyatt, for compensatory damages in the amount of $500,000.00, plus interest, punitive damages, attorney's fees, costs of suit and any other equitable relief the Court deems just.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff demands of each Defendant, Answers to Uniform Interrogatories, (**Form "C"**) as set forth in Appendix II of the Rules of Court.

IV

## NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

**TAKE NOTICE** that the undersigned attorney, counsel for plaintiff, Robert E. Willitts, does hereby demand pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and Answers to Interrogatories received from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney.

**TAKE FURTHER NOTICE** that this is a continuing demand.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Trial by Jury as to all the triable issues of this Complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a)..

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, JAMES LOGAN, JR., is designated as trial counsel for the plaintiff, Robert E. Willitts, in the above matter.

## DEMAND FOR DISCOVERY OF INSURANCE

Pursuant to Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any excess, catastrophe and umbrella policies.

V

## RULE 4:5-1(b)(2) CERTIFICATION

I hereby certify that I am an Attorney-at-Law of the State of New Jersey and associated with the law offices of James Logan, Jr., Esq. L.L.C. I am the person responsible for the management of this file on behalf of the plaintiff, Robert E. Willitts.

To my knowledge, the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, and none are contemplated - outside of this lawsuit. I am not presently aware of any other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by the Court.

James Logan, Jr., Esq., L.L.C.
Attorneys for Plaintiff, Robert E. Willitts

Dated: 09.04.2009        By: _____
                              JAMES LOGAN, JR., ESQUIRE

VI